**FELDER'S AUTO BODY AND FRAME SHOP, INCORPORATED, a Michigan corporation; et al., Plaintiffs,**

**David Felder; Kim E. Felder,**
**Plaintiffs–Appellees,**

v.

**Patrick CONELY, Defendant–**
**Appellant.**

No. 03–2405.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

Rehearing En Banc Denied Dec. 7, 2004.

Kenneth E. Burchfield, Brighton, MI, for Plaintiffs–Appellees.

Patrick Conely, Brighton, MI, pro se.

Before: GUY and SUTTON, Circuit Judges; and CARR, District Judge.*

*ORDER*

Patrick Conely, a Michigan resident proceeding pro se, appeals a district court order denying his "Motion to Stay Remand Order" in this civil action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 12, 1999, a Michigan state court issued an order permanently enjoining Conely from parking vehicles that contain any garbage, debris or junk of any sort upon real property designated by that court. On June 20, 2003, the plaintiffs, David and Kim Felder, owners of Felder's Auto Body Shop, filed suit in state court seeking the state court's help to enforce the prior permanent injunction. On July 28, 2003, Conely filed a petition to remove this case from the Livingston County Circuit Court to the United States District Court for the Eastern District of Michigan. asserting that the district court had federal jurisdiction over the matter. The district court dismissed the petition for removal for lack of jurisdiction in an order filed August 28, 2003. Thereafter, Conely filed a "Motion to Stay Remand Order," seeking additional time to correct the jurisdictional defect. The district court denied the motion in an order filed October 1, 2003. This appeal followed.

We review a challenge to the grant or denial of injunctive relief under an abuse

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

of discretion standard and accord great deference to the decision of the district court. *Blue Cross & Blue Shield Mut. v. Blue Cross and Blue Shield Ass'n,* 110 F.3d 318, 322 (6th Cir.1997). The district court's determination will be disturbed only if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard. *See Dayton Area Visually Impaired Persons, Inc. v. Fisher,* 70 F.3d 1474, 1480 (6th Cir.1995). In evaluating motions to stay, the factors for injunctive relief are considered: 1) whether the applicant has demonstrated a likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other interested parties; and 4) where the public interest lies. *Bejjani v. INS,* 271 F.3d 670, 688 (6th Cir.2001).

Upon review, we conclude that the district court did not abuse its discretion when it denied Conely's "Motion to Stay Remand Order." The deciding issue in this case is the likelihood of success on the merits. The "Motion to Stay Remand Order" was properly denied because Conely has not shown a substantial likelihood of success on the merits. The reasons given by the district court in its August 28, 2003, order were very clear. This is merely an action seeking enforcement of a state court order. There is no federal statute or constitutional principle at stake. Despite Conely's voluminous pleadings, he has not pointed to a single issue of federal law upon which to base federal question jurisdiction. *See* 28 U.S.C. § 1331. Since both parties are residents of Michigan, there is no diversity jurisdiction either. *See* 28 U.S.C. § 1332. Although Conely cited numerous other constitutional and statutory provisions in his petition for removal, none of them pertain to this case. For example, this case does not implicate the Ex Post Facto Clause or the Double Jeopardy Clause of the United States Constitution because it does not involve a criminal prosecution. This case is simply about a state court order, which is purely a state law issue. Therefore, no abuse of discretion occurred here.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.